# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR NRZ PASS-THROUGH TRUST VII (NPL), § § § § § | | |
| Plaintiff, § | | |
| v. § | | Civil Action No. 4:20-cv-2838 |
| ROBERT RODRIGUEZ, § § § | | |
| Defendant. § | | |

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ROBERT RODRIGUEZ

Plaintiff U.S. Bank National Association, not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust VII (NPL) ("Plaintiff") files this, its *Motion for Default Judgment against Defendant Robert Rodriguez*, and respectfully shows as follows:

**I.**

1. Defendant is Robert Rodriguez (the "Defendant").

2. Plaintiff filed its *Original Complaint* on August 13, 2020 (the "Complaint"). (ECF Doc. No. 1.)

3. On September 24, 2020, Plaintiff completed service on Defendant by substitute serving the summons and Complaint on him at his residence located at 3702 Ocee St., Houston, Texas 77063. (ECF Doc. No. 8; *see* ECF Doc. No. 6,7.) Defendant's answer or other response to the Complaint was due on or before October 15, 2020.  Fed. R. Civ. P. 12(a)(1)(A)(i).

4. Defendant has not answered or otherwise appeared in this action.

5.       The Court's Clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit.  FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

6.       Plaintiff filed its *Request for Entry of Default* as to the Defendant concurrently herewith because the Defendant did not file a responsive pleading within 21 days after service of the Complaint. *See* FED. R. CIV. P. 12(a)(1)(A)(i).  The Defendant has not otherwise attempted to defend against the Complaint.  *See* FED. R. CIV. P. 55.

7.       Plaintiff meets the requirements for obtaining an entry of default, as demonstrated by the *Declaration of Samin Hessami* attached hereto as **Exhibit A** and incorporated by reference for all purposes.

8.       The Defendant is not on active duty military status. *See* **Exhibit A-1**.

9.       Plaintiff is entitled to an entry of default as to the Defendant because he did not answer or otherwise defend the Complaint.

10.      Plaintiff now asks the Court to render default judgment against Defendant because he did not answer or otherwise defend against the Complaint.

**II.**

11.      The Court should render a default judgment against the Defendant because he has not filed a responsive pleading or otherwise defended the claims against him. Such default constitutes an admission by the Defendant of all allegations in Plaintiff's Complaint. Thus, Plaintiff is entitled to a default judgment on liability and damages.

12.      With regard to the issue of damages, Plaintiff does not seek monetary damages against the Defendant, but instead seeks declaratory judgment and to allow foreclosure of the real

property commonly known as 3702 Ocee Street, Houston, Texas 77063 ("Property"), and more particularly described as follows:

> THE NORTH 54 FEET OF LOT THIRTEEN (13) IN BLOCK FOUR (4) OF JEANETTA GARDENS, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 25, PAGE 14, OF THE MAP RECORDS OF SAID COUNTY, AND ALL APPURTENANCES THEREUNTO.

13. Plaintiff requested reasonable and necessary attorney's fees pursuant to its rights under the Security Instrument and Texas Civil Practice and Remedies Code section 38.001 because this suit is to enforce a written contract through foreclosure. (*See* ECF Doc. No. 1-1, pages 11-12); TEX. CIV. P. REM. CODE § 38.001(8). Plaintiff has incurred $4,134.79 in reasonable and necessary attorney's fees. *See* **Exhibit B** *Declaration of Samin Hessami*.

14. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendant, but as a further obligation under the subject Note and Security Instrument.

15. Plaintiff is also submitting the *Declaration of Samin Hessami*, attached hereto as **Exhibit B** in support of its request for attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendant on all claims against him in Plaintiff's Original Complaint, and award the following relief:

1. Judgment against Defendant declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees for $4,134.79;

2. Judgement against Defendant authorizing Plaintiff to enforce its power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure; and

3. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: /s/Samin Hessami
**MARK D. CRONENWETT**
Attorney-in-Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SAMIN HESSAMI**
Texas Bar No. 24100109
shessami@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2685 (Phone)
214-635-2686 (Fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 27, 2020 a true and correct copy of the foregoing document was delivered to the following Defendant in the manner described below:

**Via CMRRR and U.S. Mail**
Robert Rodriguez  9314 7699 0430 0076 4156 75
3702 Ocee St.,
Houston, Texas 77063

*/s/ Samin Hessami*
**SAMIN HESSAMI**